Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
Telephone: (208)-345-5183
Facsimile: (208)-906-8663
chd@fergusondurham.com
ISB No. 6428

Attorney for Petitioner

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID LEON JOHNSON<br><br>                    Petitioner,<br><br>   v.<br><br>HENRY ATENCIO, Director of the Idaho Department of Correction; and CARMEN DYAS, Senior Probation and Parole Officer for Interstate Compact Parolees, also with the Idaho Department of Correction,<br><br>                    Respondents. | Case No.   1:18-cv-00216<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**28 U.S.C. § 2254** |

    David Leon Johnson, by and through his counsel Craig H. Durham, submits this

Petition for Writ of Habeas Corpus alleging that he is being held in state custody in

violation of the United States Constitution.  Petitioner seeks a writ of habeas corpus directing Respondents to release him or retry him within a reasonable time.

## JURISDICTION

1.	The Court has jurisdiction under Art. I, sec. 9, cl. 2 of the United States Constitution, 28 U.S.C. § 2241, and 28 U.S.C. § 2254.

## PARTIES

2.	David Leon Johnson is a former Idaho state prisoner who is now on parole residing in Utah. He is still being held in Idaho state custody pursuant to a November 16, 2015 Superseding Judgment of Conviction and Order of Commitment. Exhibit A.

3.	Respondent Henry Atencio is the Director of the Idaho Department of Correction. He is the Idaho official with the authority to produce Mr. Johnson before this Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Piland v. Kempf*, Case No. 1:16-cv-00326-REB, at n.1 (D. Idaho, 2017) (naming Director of IDOC as Respondent in habeas action when petitioner is on parole).

4.	Respondent Carmen Dyas is the Idaho Department of Correction senior probation and parole officer in charge of supervising parolees in other states under the Interstate Compact. She has authority over Mr. Johnson's day-to-day supervision through the Compact with Utah, which is acting as Idaho's agent in supervising Mr. Johnson.

## PROCEDURAL BACKGROUND

5. On August 23, 2005, the State filed an Indictment charging Mr. Johnson with three counts of lewd conduct with a minor under sixteen years of age.

6. The case proceeded to a jury trial. The jury returned guilty verdicts on counts one and two but found Mr. Johnson not guilty of the third count.

7. The district court imposed a unified sentence of 20 years, with 5 years fixed, for each count, to be served concurrently.

8. On appeal, the Idaho Supreme Court vacated the convictions and remanded the case due to the district court's erroneous admission of evidence under Rule 404(b) of the Idaho Rules of Evidence.

9. Mr. Johnson was found guilty following a second jury trial.

10. This time, the district court sentenced him to two concurrent terms of 15 years, with 5 years fixed. It also imposed a $5,000 fine. It entered judgment after the second sentencing hearing on September 26, 2011.

11. Despite Mr. Johnson's requests, his counsel, Keith Roark, did not file a notice of appeal after the second trial and sentencing.

12. Johnson filed a pro se motion to reconsider his sentence under Idaho Criminal Rule 35. That motion was denied.

13. He had also requested relief from certain restitution and costs that had been imposed in the case. He appealed the denial of that motion, and the Court of Appeals affirmed.

14. On September 26, 2012, Mr. Johnson filed a pro se petition for post-conviction relief, raising ineffective assistance of counsel and prosecutorial misconduct, among other claims.

15. The State responded with an answer and a motion for summary dismissal.

16. Thereafter, the Court appointed post-conviction counsel.

17. Nearly a year later, the Court granted the State's motion for summary dismissal in all respects except as to one claim: an allegation that Mr. Roark was ineffective in failing to file a notice of appeal.

18. Throughout the post-conviction proceeding, Mr. Johnson's appointed counsel did not reasonably communicate with him. He did not learn that the State had filed a motion for summary dismissal, or that it had been largely granted, until several months later. He requested, and was granted, substitute counsel on two occasions. The post-conviction case languished.

19. The final attorney appointed to represent him eventually reached a stipulation with the prosecuting attorney as to the non-dismissed claim. The parties stipulated that Johnson had been denied effective assistance of counsel when Mr. Roark failed to file a direct appeal.

PETITION FOR WRIT OF HABEAS CORPUS - 4

20. The parties further stipulated that the district court would have jurisdiction to resentence Mr. Johnson and enter a new judgment so that the time to file a direct appeal could then restart.

21. On November 16, 2015, over three years after the post-conviction petition had been filed, the state district court resentenced David Johnson a third time, again to two concurrent terms of 15 years with 5 years fixed. On that same date it entered a Superseding Judgment of Conviction and Order of Commitment. Exhibit A.

22. The district court also entered final judgment in the post-conviction matter.

23. Mr. Johnson filed a timely notice of appeal from the post-conviction judgment and from the superseding judgment in the underlying criminal case.

24. Those appeals were consolidated, and the district court appointed the State Appellate Public Defender.

25. The SAPD assigned Elizabeth Allred as counsel.

26. Ms. Allred eventually withdrew from the post-conviction appeal, which was dismissed. But she filed a brief in the direct appeal.

27. She raised the following claims: (a) Mr. Johnson's constitutional right to a fair trial before an impartial jury was violated because the district court instructed the jury pool that a prior trial had occurred and that the Idaho Supreme Court had "reversed" and remanded the case for a new trial; (b) the district court erred in denying

a motion for a mistrial made after the State elicited testimony from a police officer who commented on Mr. Johnson's invocation of his right to silence; (c) the district court erred in denying a motion for a mistrial after the court erroneously allowed a witness who lacked a present recollection to testify with the aid of a report; and (d) the errors in the case cumulatively deprived Mr. Johnson of his right to a fair trial.

28. The Idaho Supreme Court found a number of errors had occurred in the case, but determined that the errors were not reversible, either singly or combined. It affirmed the district court's judgment. Exhibit B.

29. The state court issued its remittitur on April 10, 2018.[1] Exhibit C.

30. Petitioner alleges that he is being held in Idaho state custody, pursuant to the state court's Superseding Judgment, in violation of the United States Constitution, based on the claims set out below.

---

[1] While the appeal was pending, Mr. Johnson was released on parole.

## CLAIMS FOR RELIEF

### I.

**David Johnson was deprived of his Sixth and Fourteenth Amendment rights to a trial before a fair and impartial jury because the district court informed the jury pool that the case had been "reversed and remanded" for a new trial.**

31. Mr. Johnson incorporates paragraphs 1 – 30.

32. Before the second trial, potential jurors were called, sworn, given preliminary jury instructions, and asked to fill out a supplemental juror questionnaire.

33. The district court read the following to the pool, "[t]here was a prior trial in this case in 2006. Following an appeal, the Idaho Supreme Court reversed and remanded the case to this court for a new trial ..."

34. The statement did not contain any limiting or curative language informing the jury that they were not to consider the prior trial, conviction, or appeal.

35. Defense counsel was not present when this instruction was read.

36. At the start of trial, counsel filed a motion in limine requesting an order from the district court prohibiting the State from "[m]aking any reference to a prior trial in this case" and requesting, that to the extent that witnesses need to refer to the prior trial, that it be referred to as "a previous hearing in this case."

37. It was then that the district court first informed counsel that the jury panel had already been told that there was a prior trial and appeal.

38. Counsel moved to vacate the trial and summon new jurors. That request was denied.

39. Mr. Johnson had a right to a fair and impartial jury under the Sixth Amendment, incorporated to the states through the Fourteenth Amendment.

40. The district court's instruction to the jury pool outside of the presence of counsel, suggesting that Johnson had been found guilty of these offenses at a previous trial and that the Idaho Supreme Court had "reversed and remanded" for a new trial, tainted the pool and violated Johnson's rights under the Sixth and Fourteenth Amendments.

41. This error was not harmless.

## II

**Mr. Johnson's privilege against compelled self-incrimination under the Fifth Amendment, and his Fourteenth Amendment right to due process of law, were violated when a State used his pretrial silence as substantive evidence of guilt.**

42. Mr. Johnson incorporates paragraphs 1 through 41.

43. In the State's case-in-chief, the prosecutor asked the lead detective, Eric Snarr, if, after sitting through a CARES interview and talking to witnesses, he had interviewed "anyone else."

44. Snarr responded that he "[t]ried to interview Mr. Johnson."

45. Defense counsel objected, asked that the jury be excused, and then moved for a mistrial on the ground that the clear implication was that Snarr had asked Mr. Johnson to talk but he exercised his Fifth Amendment privilege not to do so.

46. The state district court sustained the objection, and struck the testimony, but later denied the motion for a mistrial.

47. The state court found that Snarr's testimony was a comment on Mr. Johnson's silence, which the State improperly introduced in its case-in-chief as substantive evidence of Johnson's guilt.

48. This error violated Mr. Johnson's privilege against self-incrimination under the Fifth Amendment, and his right to due process of law under the Fourteenth Amendment.

49. Contrary to the state court's determination on appeal, the error prejudiced Mr. Johnson's right to a fair trial and was not harmless.

### III.

**The prosecutor committed misconduct in eliciting testimony from Detective Snarr that injected Petitioner's invocation of his right to silence into the State's case-in-chief, in violation of Petitioner's right to due process of law under the Fourteenth Amendment.**

50. Mr. Johnson incorporates paragraphs 1 through 49.

51. The state court further found that the prosecutor had committed misconduct by eliciting testimony that Mr. Johnson had refused to talk to law enforcement.

52. This misconduct, either alone or in conjunction with the error in Claim II, violated Mr. Johnson's right to due process of law.

53. Contrary to the state court's determination on appeal, this error also prejudiced Mr. Johnson and was not harmless.

### IV.

**Mr. Johnson was deprived of his right to a fair trial under the Sixth and Fourteenth Amendments when a critical State's witness was permitted to testify from a report rather than based on his present recollection.**

54. Mr. Johnson incorporates paragraphs 1 through 53.

55. At trial, Mr. Johnson's former boss, Scott Wilson, was called by the State to testify about Johnson's work schedule on certain dates.

56. His testimony was key because it showed that Johnson supposedly had an opportunity to commit the crimes on the dates that the State had alleged.

57. Wilson did not have an independent recollection of Mr. Johnson's whereabouts on those days several years before, so he reviewed report that he had printed out from his records.

58. He admitted that the report did not refresh his memory and that he was essentially testifying based on what it said.

59. Defense counsel requested that his testimony be stricken and that the court grant mistrial, but the district court denied those requests.

60. The Idaho Supreme Court again found error, but claimed it was harmless.

61. Mr. Johnson again asserts that he was deprived of his right to a fair trial under the Sixth and Fourteenth Amendments, and that this error was not harmless.

## V.

**Cumulative errors deprived Mr. Johnson of his right to a fair trial under the Sixth and Fourteenth Amendments.**

62. Mr. Johnson incorporates paragraphs 1 through 61.

63. There were several fundamental errors in at trial, including that the district court improperly implied to the jury that Mr. Johnson had already been found guilty of these crimes and that his convictions were reversed by an appellate court; the State introduced his silence as substantive evidence of guilt at trial; and a critical witness as to opportunity was permitted to testify without a present recollection of events.

64. Even if each of these errors individually did not rise to a reversible constitutional error, all of them accumulated deprived Mr. Johnson of his Sixth and Fourteenth Amendment right to a fair trial.

## EXHAUSTION OF STATE COURT REMEDIES

65. Petitioner has either fairly presented and properly exhausted all available state court remedies as to the claims presently raised in this Petition, or he will be able to establish an exception so that any claim that the Court deems to be procedurally defaulted may be heard on the merits in this proceeding.

## RELIEF REQUESTED

Petitioner respectfully requests:

1. That leave to amend be given, if requested;

2. That discovery be granted, if requested;

3. That an evidentiary be held to resolve any material issues of fact;

4. That the Court grant any other interim relief it deems necessary; and

5. That this Court issue the Writ to Respondents ordering them to release David Johnson from custody if he is not re-tried within a reasonable time set by the Court.

DATED this 15th day of May, 2018

/s/Craig H. Durham
Attorney for Petitioner

## VERIFICATION

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct.

EXECUTED this _10_ day of May, 2018.

David Leon Johnson