Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
T: (208) 724-2617
F: (208) 906-8663
chd@fergusondurham.com
ISB No. 6428

Attorney for Petitioner

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID LEON JOHNSON<br><br>Petitioner,<br><br>v.<br><br>HENRY ATENCIO, Director of the Idaho Department of Correction; and CARMEN DYAS, Senior Probation and Parole Officer for Interstate Compact Parolees, also with the Idaho Department of Correction,<br><br>Respondents. | Case No.1:18-CV-00216-DCN<br><br>**PETITIONER'S REPLY TO RESPONDENTS' ANSWER** |

**INTRODUCTION**

David Johnson is currently on parole in Utah under Idaho's supervision through the interstate compact. He seeks habeas relief from his state court judgment based on prejudicial constitutional errors that occurred at his criminal trial. This is his Reply to Respondent's Answer to his Petition.

Johnson concurs with Respondents' basic recitation of the facts and the course of proceedings in the state and federal courts. (Respondents' Answer, Dkt. 19, pp. 2-5.) To the extent that he disagrees, he will note those disagreements in the argument section of this reply.

**STANDARD OF LAW**

This petition is governed by the Antiterrorism and Effective Death Penalty Act. Under AEDPA, 28 U.S.C. § 2254(d), a habeas petitioner is not entitled to federal habeas relief on a constitutional claim that the state court has adjudicated on the merits unless that ruling:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle … but unreasonably applies that principle to the facts of the [petitioner's] case." *Id*.

Circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court," and cannot form the basis for habeas relief under AEDPA. *Parker v. Matthews*, 567 U.S. ___, 132 S.Ct. 2148, 2155 (2012). But "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011).

If the petitioner can show that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, § 2254(d)(1), then the federal court is not constrained by the restrictions in and it may review the constitutional claim de novo. *Maxwell v. Roe*, 628 F.3d 486, 494-95 (9th Cir. 2010).

## ARGUMENT

### I.

**Johnson was deprived of his Sixth and Fourteenth Amendment rights to a trial before a fair and impartial jury because the district court informed the jury pool that the**

3

**case had been "reversed and remanded" for a new trial. The state court unreasonably determined the facts in light of the evidence presented when it adjudicated this claim.**

A. Background

Before the second trial, potential jurors were called, sworn, given preliminary jury instructions, and asked to fill out a supplemental juror questionnaire. The district court read the following to the venire, "[t]here was a prior trial in this case in 2006. Following an appeal, the Idaho Supreme Court reversed and remanded the case to this court for a new trial." (State's lodging E-3, p.550.)

The statement did not contain any limiting or curative language informing the jury that they were not to consider the prior trial, conviction, or appeal. Defense counsel was not present when this instruction was read. (State's lodging F-5, p. 3.)

At the start of the trial, counsel filed a motion in limine requesting an order from the district court prohibiting the State from "[m]aking any reference to a prior trial in this case" and requesting, that to the extent that witnesses need to refer to the prior trial, that it be referred to as "a previous hearing in this case." (State's lodging E-3, pp.565-567.) It was then that the district court first informed counsel that the jury panel had already been told that there was a prior trial and appeal. (State's lodging D-2, p.74.) Counsel moved to vacate the trial and summon new jurors. (State's lodging D-2, pp.74-81.) That request was denied. (*Id*. at 82-83.)

On direct appeal, Johnson challenged the trial court's decision not to vacate the trial. (State's lodging F-1, pp.10-25.) Reviewing for fundamental error, the Idaho Supreme Court held "that [the district court's instruction] did not create an implied bias among the potential jurors that deprived Johnson of a fair trial." (State's lodging F-5, p.2.) In reaching that conclusion, the court looked to a similar issue raised and resolved on the merits in *State v. Lankford*, 399 P.3d 804, 812 (2017). (State's lodging F-5, p.5.) The core of its decision was that "[c]ommenting that a case was reversed and remanded is not equivalent to disclosing a prior conviction." (*Id.*)

B. <u>Discussion</u>

Johnson contends that the state court's finding of fact that the jury in his case was not informed that he had a prior conviction is objectively unreasonable. Though the trial judge did not say the word "conviction," it is clear from his verbiage and the context that Johnson had been convicted in 2006, had appealed and had been given a new trial by the appellate court.

This is so both because of the way that the law works and because of common sense. It is defendants who appeal after jury trials, not the prosecution. The prosecution cannot appeal a jury's acquittal because a retrial after an acquittal would violate the Double Jeopardy Clause. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977) ("Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that "[a] verdict of acquittal . . . could not be reviewed, on error

5

or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution." (citing *United States v. Ball*, 163 U.S. 662, 671 (1896)"). Every day, potential jurors also see news stories, television shows, and movies in which a defendant appeals and has his conviction reversed, on a "technicality" or otherwise. Trial counsel made the observation that "the only reasonable inference that any but brain-dead jurors could take from that would be that he's been convicted . . ." (State's lodging D-2, p. 76.)

He was right. The only logical inference from the trial judge's phrasing in this context is that *Johnson* appealed his *conviction* in the same case, and the appellate court "reversed and remanded" for a new trial. The state court's finding to the contrary was objectively unreasonable.

When a state court has based its adjudication of a federal claim on an unreasonable factual determination, the federal court's review of the claim is de novo. *Maxwell*, 628 F.3d at 494-95. Under de novo review, this Court should issue the writ.

Johnson had a right to a fair trial in front of an impartial jury. U.S. Const. amends. VI, XIV. A biased juror violates that basic right. In *United States v. Wood*, 299 U.S. 123 (1936), the Supreme Court held that "[t]he bias of a prospective juror may be actual or implied; that is, it may be bias in fact or bias conclusively presumed as matter of law." *Id*. at 133.

Nearly 30 years later, the Supreme Court summarily reversed a defendant's conviction because five jurors were on the venire panel and sitting in the gallery when a previous jury found the defendant guilty of the same type of charge. *Leonard v. United States*, 378 U.S. 544, 545 (1964). The defendant had objected to those jurors' presence on the second jury, but that objection was overruled. *Id*. at 544. There is no indication that the jurors were questioned about whether their knowledge of the defendant's prior conviction predisposed them to find him guilty at the second trial. *Id*. It was presumed that they would be.

Though the per curium opinion in *Leonard* is brief, the only basis on which the result makes sense is that the Court implicitly held that jurors who have learned of a defendant's conviction on a similar charge in a prior trial renders those jurors presumptively biased against the defendant. This was a form of implied bias that made the trial unfair.

Since then, other courts have found similar information to be prejudicial to the defendant's right to a fair trial. *See, e.g.*, *United States v. Williams*, 568 F.2d 464, 471 (5th Cir. 1978). ("[W]e are hard-pressed to think of anything more damning to an accused than information that a jury had previously convicted him for the crime charged."); *Pettibone v. State*, 891 So. 2d 280, 283 (Ala. Crim. App. 2004) (same); *United States v. Attell*, 655 F.2d 703, 704-05 (5thCir. 1981)(reversing the defendant's conviction where mid-trial publicity revealed that the defendant had previously been convicted, but

had won a new trial on appeal, and where the trial judge had refused to poll the jurors to determine if any had been witness to the publicity in question); *Bailey v. State*, 521 A.2d 1069, 1076-77 (Del. 1987)(holding that disclosure of a prior conviction, "regardless of how it is received, is inherently prejudicial and even more so when a jury is exposed to those facts during trial.")

As these cases show, disclosure of a prior jury's finding of guilt is inherently prejudicial. Here there was no attempt to cure the prejudice. Johnson's jury was not questioned related to the inappropriate information to ferret out the effect of that knowledge. Defense counsel's position was that the only appropriate remedy was to select a new jury panel and the State contended that any further questioning would taint them. (State's lodging D-2, pp. 77-78, 81.) Nor did the trial judge give a limiting instruction. The damaging information created a presumption of guilt that hung in the air throughout the trial.

This was a close case that hinged on the recollection and word of a child, A.J., about events from several years before when she was six years old. The allegations of abuse arose from a divorce case with heated claims of adultery. At one time, A.J. claimed not to recall any of it, but at the second trial, she testified that her memory had been refreshed. A contested issue was whether Johnson had the opportunity to commit the crime when the State alleged. The State's theory was that the incidents occurred while A.J.'s mother left her with Johnson when she went to visit her parents during

8

spring break of 2004. Johnson produced evidence, however, that A.J.'s mother was in Idaho that week. The dates then narrowed and shifted.

In short, this was not an overwhelming case of guilt, and the error had a substantial and injurious influence or effect on the verdict. *See Brecht v. Abrahamson*, 507 U.S. 619 (1991) (setting out the test for showing prejudice on habeas review). This Court should find that Johnson was deprived of his Sixth and Fourteenth Amendment rights to a fair and impartial jury and grant the writ.

## II.

**The state court correctly held that the State had violated Mr. Johnson's privilege against compelled self-incrimination under the Fifth Amendment, and that it committed misconduct, when Detective Snarr testified about Johnson's pretrial silence as evidence of his guilt. The state court's finding of no "reversible error," however, was contrary to and an unreasonable application of clearly established federal law.[1]**

A.  <u>Background</u>

Claims 2 and 3 in the Petition flow from the same event at trial. In the State's case-in-chief, the prosecutor asked the lead detective, Eric Snarr, if, after sitting through

---

[1] As Respondents' do in their Answer, Johnson combines Claims 2 and 3 in the petition into one section for purposes of this discussion.

a CARES interview and talking to witnesses, he had interviewed "anyone else." (State's lodging, D-2, p.726.) Snarr responded that he "[t]ried to interview Mr. Johnson." (*Id*.)

Defense counsel objected, asked that the jury be excused, and then moved for a mistrial on the ground that the clear implication was that Snarr had asked Johnson to talk but he exercised his Fifth Amendment privilege not to do so. (State's lodging, D-2, p.727.) The state district court sustained the objection and struck the testimony, but later denied the motion for a mistrial. (*Id*. at 727-44.)

The Idaho Supreme Court found that Snarr's testimony was a comment on Johnson's silence, which the State improperly introduced in its case-in-chief as substantive evidence of Johnson's guilt. (State's lodging F-5, pp.8-14.)

In assessing the impact of the federal constitutional error, the state court first cited a vague state court standard of review that a "the trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error." (State's lodging F-5, p. 9.) It did not define "reversible error."

It then wrote:

> Where a criminal defendant shows a reversible error based on a contemporaneously objected-to constitutional violation 'the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict.'

(*Id*.) (citing *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010).

10

The Idaho Supreme Court ultimately concluded that because the trial court had sustained Johnson's objection and gave a curative instruction, "the events which precipitated this motion for mistrial do not represent a reversible error." (State's lodging F-5, p. 11.)

From the same set of facts, the Idaho Supreme Court also found that the State had committed misconduct because Snarr's answer "cross[ed] well over the line. It was gratuitous and offered in clear contravention of Johnson's right to remain silent." (State's lodging F-5, p. 12.) Yet, again, it found the misconduct to be "harmless due to the curative instruction that was given by the district court." (*Id*.)

B. Discussion

The Idaho Supreme Court did not apply the correct federal constitutional harmless error standard when it adjudicated these constitutional claims. That standard is derived from *Chapman v. California*, 386 U.S. 18, 24 (1967). There, the United States Supreme Court held that the State has the burden to prove beyond a reasonable doubt that the error did not contribute to the verdict. *Id*. at 24.

The Idaho Supreme Court did not cite *Chapman* or address it in any way. True, it did write that when the defendant can show a "reversible error" to an "objected-to constitutional violation," the burden then shifts to the State prove the error harmless beyond a reasonable doubt. (State's lodging, F-5, p. 9.) Superficially, this sounds *Chapman*-like. But it is an odd locution. What does "reversible error" mean here? And, if

11

a defendant can show a "reversible error," what is the purpose of asking whether the State can prove it harmless beyond a reasonable doubt? Is it somehow still necessary to show that a "reversible error" can really a non-reversible, reversible error?

Regardless, the state court's remaining analysis was contrary to, or at least an unreasonable application of, clearly established federal law. It simply did not apply the constitutional harmless-beyond-a-reasonable-doubt standard. Nowhere in these sections – other than the cited portion at the beginning – did it use the words beyond a reasonable doubt. It instead applied its own, amorphous "reversible error" standard for the denial of a mistrial, which focuses on "the continuing impact on the trial of the incident that triggered the mistrial motion." Which, according to the state court, means that "[t]he trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error." (State's lodging F-5, p. 9.)

This is a standard-less review. Whatever it is, the use of the words "only if" and "constituted reversible error" imply that it is the defendant's burden to demonstrate some type of harm to him rather than the State's burden to show the absence of harm.

The state courts' application of that law to the facts followed in the same vein. It did not put a burden on the State to prove to the court that the errors were harmless, as *Chapman* requires. It instead relied heavily on the district court's striking of Snarr's answer and the district court's attempt at a curative admonition to the jury to conclude that any error was not "reversible." The state court failed to conclude, beyond a

reasonable doubt, that the constitutional errors did *not* contribute to the jury's finding of guilt. This was contrary to *Chapman*, or at least an unreasonable application of the law of that case.

The Ninth Circuit has held that the inquiry does not end when a state court's decision was contrary to or an unreasonable application of clearly established law. The petitioner still must show actual prejudice. Under the *Brecht* test for actual prejudice, "relief is proper only if the federal court has 'grave doubt about whether a trial error of federal law had a substantial and injurious effect or influence in determining the jury's verdict.'" *Mays v. Clark* , 807 F.3d 968, 980 (9th Cir. 2015) (citation omitted).

This Court should have such grave doubt. This was not an overwhelming case for the State. It relied on evidence and testimony that had holes. The State's theory shifted over time as the defense showed that the alleged crime couldn't have happened when the State claimed it did. Reasonable doubt hung delicately in the balance. It wouldn't take much to shift that balance.

Claim 1 contributes to the analysis of prejudice here. Whether the Court agrees that Claim 1 entitles Johnson to habeas relief on its own, at the very least informing the jury that the defendant had a previous trial, and that the case was "reversed and remanded," formed a suspicion of guilt that hung over the trial. Then, the detective's gratuitous interjection into the case that he had tried to interview Johnson, but Johnson refused to talk to him adds to that aura. Neither is permissible, and both are prejudicial.

The district court's instructions were not enough to remove the prejudice in a close case. The errors had a substantial and injurious influence or effect on the verdict. The Court should grant relief on both Claims 2 and 3.

## III.

**Cumulative errors deprived Mr. Johnson of his right to a fair trial under the Sixth and Fourteenth Amendments. The state court's adjudication of this claim was an unreasonable application of clearly established federal law.**

The Ninth Circuit has held that "[t]he Supreme Court has clearly established that the combined effect of multiple trial court errors violates due process where it renders the resulting criminal trial fundamentally unfair." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v Mississippi*, 410 U.S. 284, 298 (1973)). "The cumulative effect of multiple errors can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal." *Id*.

In *Parle*, Circuit noted that the clearly established federal law of cumulative trial error as one that looks to whether the accumulated weight of the errors made the defense "far less persuasive":

> [T]he fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether the errors rendered the criminal defense "far less persuasive," *Chambers*, 410 U.S. at 294, and thereby had a "substantial and injurious effect or influence" on the jury's verdict, *Brecht*, 507 U.S. at 637 (internal quotations omitted).

*Id*. at 928.

14

Respondents argue that, in answering that question, this Court cannot consider the Idaho Supreme Court's finding that permitting a witness to testify from a document that did not refresh his recollection was error under state law. (Dkt. 19, pp. 26-27.) According to Respondents, that is because the claim is procedurally defaulted. (*Id*.) They cite out of circuit cases to support their assertion. (*Id*. at 27.)

Johnson respectfully disagrees. State law trial errors can accumulate to deprive a defendant of due process of law, which is itself a federal claim. In *Parle*, most of the trial errors were state law evidentiary errors, but the federal claim was whether individual trial errors, when accumulated, so infected the trial as to deny the defendant due process. *Parle*, 505 F.3d at 928 (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). The individual errors are the factual basis of that single constitutional claim. They are not themselves claims for habeas relief.

Adding all the errors into the mix, this Court should conclude that the Idaho Supreme Court's denial of relief was an unreasonable application of clearly established federal law and that Johnson has suffered actual prejudice.

A court reviewing a cumulative error claim must look to "the overall strength of the prosecution's case" because "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Parle*, 505 F.3d at 928.

The Idaho Supreme Court's analysis was brief and conclusory. If found that "[n]one of the errors left any lasting prejudice." (State's lodging F-5, p. 20.) It concluded that "viewing the errors in relation to the totality of the evidence presented at trial, we do not find that they were of such a magnitude that Johnson was denied a fair trial." (Id.)

The state court did not assess the "overall strength of the prosecution's case." *Parle*, 505 F.3d at 928. Had it done so, it would have found that strength to be lacking, for the reasons already given. The allegations grew out of a difficult divorce and were based on a child's shaky recollection. Times and dates shifted. Johnson showed that he did not have an opportunity to commit the offense during much of the proffered window of time.

What's more, Idaho Supreme Court appears to have divided and conquered rather than combined the weight of the individual errors to determine whether their accumulated effect made the defense less persuasive. The case started with an air of prejudice when the judge told the jury that there had been a reversal by a higher court. Detective Snarr's misconduct in using Johnson's Fifth Amendment right as evidence of his guilt furthered that prejudice. Then, a witness testified straight from a record rather than from his independent recollection. This last error was particularly acute because it went to the heart of Johnson's defense that he could not have committed the crime because he whereabouts conflicted with A.J's mother's recollection about certain dates.

16

Had the witness not been permitted to testify from his report, the State would not have had evidence to support A.J's mother's claims about the dates that she believed the incident must have happened.

The State's case was not compelling, and the trial errors made Johnson's defense "far less persuasive." These errors substantially and injuriously affected the outcome. As in *Parle*, the state court unreasonably applied clearly established federal law in adjudicating Johnson's cumulative error claim to his actual prejudice. The writ should issue as to this claim.

## CONCLUSION

David Johnson respectfully requests that this Court grant a conditional writ and order that Respondents release him from his unconstitutional custody forthwith.

Respectfully submitted on this 8th day of April 2020.

/s/Craig H. Durham

Attorney for Petitioner

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of April 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Mark Olson
    Mark.Olson@ag.idaho.gov

    Attorney for Respondents.

                                        /s/Craig H. Durham
                                        Attorney for David Johnson